**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

MICHAEL R. COWER,

                                        Plaintiff,

                v.                                              No. 05-CV-924
                                                                    (GLS/DRH)

ALBANY LAW SCHOOL OF UNION
UNIVERSITY; UNION UNIVERSITY; JOHN
SPRINGSTEEN; and THOMAS F.
GUERNSEY,

                                        Defendants.
_____

**APPEARANCES:**                          **OF COUNSEL:**

MICHAEL R. COWER
Plaintiff Pro Se
50 Riverside Drive, Apt. 13 F
New York, New York 10024

BOND, SCHOENECK & KING, PLLC          NICHOLAS J. D'AMBROSIO, JR., ESQ.
Counsel for Defendants                JOANMARIE M. DOWLING, ESQ.
111 Washington Avenue
Albany, New York 12210-2280

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER

        Presently pending is the motion of defendants Albany Law School of Union

University, Union University, John Springsteen, and Thomas F. Guernsey for an order

pursuant to Fed. R. Civ. P. 37 dismissing the complaint and awarding costs and attorney's

fees.  Docket No. 49.  Plaintiff Michael R. Cower ("Cower") has not opposed the motion.

For the reasons which follow, it is recommended that defendants' motion be granted in part

and denied in part.

# I. Background

On August 19, 2002, Cower commenced full-time studies at Albany Law School ("Albany").  Compl. (Docket No. 16) at ¶¶ 9-11.  Cower alleges that during his one semester at Albany, he was subjected to a hostile environment, harassment, and discrimination based on his male gender, gay sexual orientation, and sex stereotyping.  Id. at ¶¶ 11-17.  In January 2003, after one semester, Cower decided not to return to Albany.  Id. at ¶ 23.  On September 15, 2003, represented by Sanford H. Greenberg, Esq., Cower commenced this action in the New York County Supreme Court.  Notice of Removal (Docket No. 1) at ¶ 1.  Cower's complaint alleged that the above-captioned defendants violated his rights under Title IX of the Education Amendments Act of 1972, 20 U.S.C. § 1681 et seq.; the New York State Human Rights Law, N.Y. Exec. Law § 296 (McKinney Supp. 2006); and the Code of the City of Albany, Albany, N.Y. Omnibus Human Rights Law § 48-26.  Compl. at ¶¶ 26-49.

On January 15, 2004, defendants removed the action to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1441(b).  Docket No. 1. Greenberg was replaced as Cower's counsel by Robert L. Herbst, Esq. and defendants then moved to transfer venue to the Northern District of New York pursuant to 28 U.S.C. § 1404(a).  Docket No. 3(1).  On May 4, 2005, Herbst moved to withdraw as Cower's counsel on the ground that Cower had failed to pay his legal fees.  The motion was opposed by Cower.  Docket Nos. 26-28.  Both the motion to transfer venue to this district and Herbst's motion for leave to withdraw as Cower's counsel were granted.  Docket No. 28.

On December 14, 2005, the first of three conferences was held pursuant to Fed. R. Civ. P. 16.  Cower, now proceeding pro se, did not appear.  Instead, an individual who identified himself as Edgar Garza-Morales appeared on behalf of Cower.  Docket No. 35.

2

Garza-Morales advised that while he was an attorney, he had not been admitted to the

Northern District of New York, did not represent Cower, and was appearing solely as

Cower's friend.  Garza-Morales further advised that Cower suffered from agoraphobia[1] and

clinical depression and would not take telephone calls.  Because Cower was neither

personally present nor represented by counsel, the conference was adjourned to January

18, 2006 in an order which advised Cower that in the absence of representation by counsel,

Cower "will be deemed to be representing himself for this matter and must appear himself

for the conference either in person or by telephone."  Docket No. 36.

Nevertheless, on January 18, 2006, Garza-Morales again appeared for Cower.

Garza-Morales declined to enter a formal appearance on Cower's behalf, although the

Court invited him to accept pro hace vice admission to the district.  The Rule 16 conference

was then adjourned a second time with the admonition to Cower that

> **PLAINTIFF SHALL TAKE NOTICE** that his continued failure to
> appear for court proceedings either on his own behalf or through
> an attorney who has filed a formal Notice of Appearance will be
> deemed a failure to prosecute this action which could lead to the
> dismissal of this action, in which case there will be no trial and
> plaintiff may be forever precluded from asserting the claims he
> brings in this case in the future.

Docket No. 38 at 2 (emphasis in original).

A third Rule 16 conference was held on March 9, 2006.  Docket No. 39.  Cower

appeared by telephone and confirmed that he would be proceeding pro se.  Id.; Dowling

Affirm. (Docket No. 49(1)) at ¶ 15.  A scheduling order was entered following the

---

[1]"[I]ntense, irrational fear of open spaces, characterized by marked fear of being
alone or of being in a public place where escape would be difficult or help might be
unavailable."  Dorland's Illustrated Med. Dictionary 38 (28th ed. 1994).

conference.  Docket No. 40.  This conference was the last contact with Cower for either

defendants' counsel or the Court.

On May 16, 2006, defendants served interrogatories and document demands on

Cower.  Dowling Affirm. at ¶16.  When Cower failed to respond, defendants twice requested

by mail that he do so.  Id. at ¶¶ 17, 18.  Cower also failed to respond to these letters.  Id.

Defendants then requested a conference with the Court, which was held on July 31, 2006.

Docket Nos. 42-45.  When Cower failed to appear for the conference either in person or by

telephone, a telephone call was placed to Cower at his residence.  The individual who

answered the telephone advised that Cower was not then at his apartment.  Docket No. 45.

Defendants' request for dismissal and an award of costs and attorney's fees was denied,

Cower was ordered to serve responses to defendants' outstanding discovery demands by

August 15, 2006, and Cower was advised as follows:

> **PLAINTIFF PRO SE MICHAEL R. COWER SHALL TAKE
> NOTICE** that if he fails to comply with this order by timely serving
> responses to defendants' outstanding demands for
> interrogatories and documents, sanctions may be imposed
> against plaintiff as set forth in Fed. R. Civ. P. 37(b) including but
> not limited [to] the preclusion of evidence, dismissal of the
> action, and the imposition of attorney's fees and costs against
> plaintiff[].  If the action is dismissed, there will be no trial and
> plaintiff may be foreclosed from ever asserting the claims alleged
> herein at any future time.

Docket No. 45 at 2 (emphasis in original).

Cower still failed to serve responses to defendants' discovery demands.  Dowling

Affirm. at ¶ 23.  Defendants then sought and received leave to file the pending motion.

Docket Nos. 46, 48.

## II. Discussion

## A. Rule 37

## 1. Dismissal

Rule 37(b)(2) provides in pertinent part:

> If a party . . . fails to obey an order to provide or permit discovery, . . . the court in which the action is pending may make such orders in regard to the failure as are just . . . .
> . . .
>    In lieu of [other sanctions] or in addition thereto, the court shall require the party failing to obey the order . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

The sanctions which a court may consider include adverse factual findings, preclusion of evidence, striking pleadings, finding a party in contempt, and dismissing the action.  Fed. R. Civ. P. 37(b)(2)(A)-(E).  Here, an order was filed on August 1, 2006 directing Cower to serve responses to defendants' interrogatories and document demands.  Docket No. 45.  Cower has completely failed to comply with that order and, accordingly, sanctions under Rule 37(b)(2) may be considered.

In determining whether to impose sanctions and, if so, the sanctions to be imposed, a court must consider all circumstances relevant to the particular case, including but not limited to the history of the offending party's compliance with court orders, the opportunity for compliance, the effectiveness of lesser sanctions, the notice of and opportunity to defend against the possible sanctions, any prejudice to the adverse party from the noncompliance, and the party's personal responsibility for the noncompliance.  See Bambu Sales, Inc. v. Ozak Trading Inc., 58 F.3d 849, 853-54 (2d Cir. 1995); McDaniel v. County of

5

<u>Schenectady</u>, No. 04-CV-757 (GLS/RFT), 2005 WL 1745566, at *4 (N.D.N.Y. July 21, 2005) (Treece, M.J.).

Here, Cower has regularly failed to comply with court orders.  He failed to attend the first two Rule 16 conferences in this district, both of which were court-ordered.  He failed to appear for the discovery conference on July 31, 2006 and he failed to comply with the compulsion order filed August 1, 2006.  In short, the only occasion on which Cower complied with a court order was his telephonic appearance at the third Rule 16 conference. Cower also received ample time to respond to all court orders.  The Rule 16 process extended for at least four months.  The discovery conference held on July 31, 2006 was scheduled only after Cower had failed to respond to defendants' repeated requests for discovery responses extending over several months.  Cower was given two additional weeks to provide the discovery for which defendants' demands had been pending for months.  Cower never requested any additional time for any response, either personally or through any representative.

As to alternative sanctions, lesser measures such as preclusion of evidence or adverse findings of fact might be sufficient in circumstances where noncompliance has been limited to particular discovery or where the noncomplying party has otherwise mitigated the effect of noncompliance.  Here, however, Cower's noncompliance has been complete and continuous.  Cower has never responded to any discovery demand and his noncompliance with the compulsion order has been total.  In these circumstances, no sanction other than dismissal appears effective to address Cower's total nonparticipation.

Cower has been warned repeatedly that sanctions, including dismissal, could result if he failed to cooperate in pretrial proceedings.  In particular, the order compelling production

6

of discover advised Cower of these possibilities.  Moreover, Cower was served with defendants' instant motion and has interposed no opposition despite having the opportunity to do so.  The prejudice to defendants from Cower's noncompliance includes a complete denial of discovery from Cower concerning the evidence supporting his claims and has made meaningful defense of these claims more difficult.  Moreover, the documents and information sought by defendants here are those normally obtained by parties in such cases.

Finally, the extent of Cower's responsibility for the noncompliance is total.  He has proceeded pro se since the action was transferred to this district over seventeen months ago.  His lone act of involvement has been to participate by telephone in the third Rule 16 conference.  He has not responded to defendants' requests for responses to their discovery demands and has not responded to this motion.  Cower alone is responsible for his noncompliance with the compulsion order.

Thus, the circumstances of this case compel the conclusion that Cower's willful noncompliance militates strongly in favor of the sanction of dismissal as the only sanction comporting with the nature and effect of Cower's conduct.  Two factors which might weigh against imposition of that sanction must be considered, however.  First, Cower has been proceeding in this action pro se.  As the Second Circuit Court of Appeals has recently reaffirmed, pro se litigants such as Cower are entitled to certain special considerations. See Triestman v. Fed. Bureau of Prisons, __ F.3d __, 2006 WL 3499975, at *5 (2d Cir. Dec. 5, 2006) ("There are many cases in which we have said that a *pro se* litigant is entitled to "'special solicitude,'").  Such "special solicitude," however, focuses on construing pleadings and enforcing compliance with procedural rules, both of which may prove difficult for a

litigant untrained in the law.  Id.  A party's pro se status, though, does not constitute a

license for willful noncompliance with court orders.  See Gillum v. Nassau Downs Regional

Off Track Betting corp., 357 F. Supp. 2d 564, 569 (E.D.N.Y. 2005); Hall v. Flynn, 829 F.

Supp. 1401, 1402 (N.D.N.Y. 1993) (McAvoy, J.) (A pro se litigant "who continues to

demonstrate a lack of due diligence in the face of clear warnings[] will only be afforded so

much latitude.").  Cower has made no effort to comply with the compulsion order.  A lack of

legal training or education cannot obviate such complete disobedience of an order.

Therefore, Cower's pro se status should not be deemed to weigh against the sanction of

dismissal here.

Second, during the first two Rule 16 conferences, Cower's representative, Garza-

Morales, asserted that as a result of defendants' conduct, Cower has suffered from

agoraphobia and clinical depression.  If true, such conditions might be considered in

determining whether to impose sanctions against Cower or whether a lesser sanction than

dismissal is more appropriate.  Neither condition is specifically alleged in Cower's complaint

and the record is devoid of any doctor's report to this effect or any evidence of either

condition other than the statements of Garza-Morales.  There is, therefore, no sufficient

basis to find that Cower suffers either condition.  Moreover, Cower has made no effort to

establish the existence of any such condition or to offer any such reason in explanation or

mitigation of his noncompliance.  In the absence of persuasive evidence or plausible

explanation, Cower's possible medical condition also should not weigh against the sanction

of dismissal in these circumstances.

Accordingly, defendants' motion for dismissal as a sanction under Rule 37(b)(2)

should be granted and the complaint should be dismissed in its entirety.

**2. Costs and Attorney's Fees**

The determination whether to impose sanctions under Rule 37(b)(2) is discretionary.

Fed. R. Civ. P. 37(b)(2) (stating that a court "may" impose sanctions); see also Monaghan v.

SZS 33 Assoc., L.P., 148 F.R.D. 500, 507-08 (S.D.N.Y. 1993).  The determination to award

costs and attorney's fees, however, is mandatory with two exceptions.  See Rule 37(b)(2)

(directing that costs and attorney's fees "shall" be imposed unless two circumstances are

present); see also Cardenas v. Dorel Juvenile Group, Inc., No. CV.A.04-2478 KHV-DJW,

2006 WL 1537394, at *5 (D. Kan. June 1, 2006).  The two exceptions are "that the failure

was substantially justified or that other circumstances make an award of expenses unjust."

Fed. R. Civ. P. 37(b)(2).

No reasons have been presented or appear why Cower's noncompliance was

"substantially justified."  As to the justice of an award, however, if the recommendations

herein are accepted, Cower already faces the imposition of the ultimate sanction of

dismissal of his case.  Awarding the additional measure of costs and attorney's fees would

be excessive here and, therefore, unjust.  Moreover, Cower has already lost the services of

his second attorney because he apparently was unable to pay the attorney's legal fees.

There is thus sufficient reason to believe that Cower's ability to pay any award of costs and

fees here is nonexistent.  This further supports the conclusion that in the circumstances

presented here, an award of costs and attorney's fees would be unjust.

Accordingly, defendants' motion for an award of costs and attorney's fees under Rule

37(b)(2) should be denied.

**B. Failure to Prosecute**

Defendants have not moved for dismissal of the complaint under Fed. R. Civ. P.

41(b).  However, under Rule 41(b), a court may dismiss an action for a plaintiff's sustained

failure to prosecute the action.  See West v. City of New York, 130 F.R.D. 522, 524

(S.D.N.Y. 1990); see also N.D.N.Y.L.R. 41.2(a) ("Whenever it appears that the plaintiff has

failed to prosecute an action or proceeding diligently, the assigned judge shall order it

dismissed. . . . [T]he plaintiff's failure to take action for four (4) months shall be presumptive

evidence of lack of prosecution. . . .").

In determining whether to dismiss an action on this ground, a court should consider

the duration of a plaintiff's failures, whether the plaintiff has received notice that further

delays would result in dismissal, whether the defendant was likely to be prejudiced by

further delay, a balancing of the court's need to alleviate calendar congestion with a party's

right to due process, and the efficacy of lesser sanctions.  See Patterson v. Newspaper &

Mail Deliverers' Union of N.Y. & Vicinity, 884 F. Supp. 869, 872 (S.D.N.Y. 1995); Stoenescu

v. Jablonski, 162 F.R.D. 268, 270 (S.D.N.Y. 1995).  In addition, where, as here, a party is

proceeding pro se, he or she is entitled to "special solicitude."  See Triestman, supra.

Here, Cower's failure to pursue his claims has continued for at least nine months

since Cower's last affirmative act of attending the third Rule 16 conference by telephone on

March 9, 2006.  Cower has received at least two notices that this action could be dismissed

if his inaction continued.  Further delay will prejudice the defendants to the extent that

discovery must be further extended and further expense incurred.  Cower has received

repeated opportunities to pursue this action – e.g.,, three different dates for the Rule 16

conference and extensions of the deadline for responses to defendants' discovery demands

10

– but he has generally failed to avail himself of any of these opportunities without explanation.  Thus, Cower has been accorded due process to pursue his clams, has failed to do so, and his right to further process in these circumstances is, therefore, outweighed by the Court's need to alleviate calendar congestion.  Finally, for the reasons discussed above in subsection II(A)(1), no sanction short of dismissal appears adequate.

Accordingly, in the alternative, it is recommended that this action be dismissed pursuant to Fed. R. Civ. P. 41(b) and N.D.N.Y.L.R. 41.2(a).


### III. Conclusion

For the reasons stated above, it is hereby

**RECOMMENDED** that:

1. Defendants' motion to dismiss this action (Docket No. 49) be **GRANTED** and this action be dismissed in its entirety; and

2. Defendants' motion for an award of costs and attorney's fees (Docket No. 49) be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), any party may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Secretary of Health and Human Services 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

In addition, **PLAINTIFF PRO SE MICHAEL R. COWER SHALL TAKE NOTICE** that

11

if he fails to file timely objections to this report-recommendation, this action may be dismissed.  If the action is dismissed, there will be no trial and plaintiff may be foreclosed from ever asserting the claims alleged herein at any future time.

**IT IS SO ORDERED.**

DATED:  December 22, 2006
   Albany, New York

_David R. Homer_
United States Magistrate Judge